DARELL R. MATLOCK, JR., Chief Justice.

Standard of Review

The Court reviewed “de novo” the issues of (1) of the right of the Cherokee people to define tribal citizenship and, (2) the interpretation of the language of the 2007 amendment to the Cherokee Nation Constitution which sets forth the requirements of citizenship in the Cherokee Nation. Cherokee Nation v. O’Leary SC-2006-13 & 14.

OPINION

ANATOMY OF LITIGATION

On April 17, 2007, the Cherokee Nation Registrar, pursuant to Article IV of the Cherokee Nation Constitution, filed the timely letters of appeal concerning the removal of the appellees’ names from the rolls of citizens of the Cherokee Nation after the passage of the Constitutional Amendment on March 3, 2007, by the Cherokee people by special election. Those letters represent the appeals lodged with the Cherokee Nation District Court under the numbers set forth herein above. The Petitions allege that the action of the Registrar was, in effect, a retroactive application of the mandates of the Constitutional Amendment dated March 3, 2007; that the March 3, 2007, Constitutional Amendment is, in and of itself, unconstitutional under the Cherokee Nation Constitution; that the Treaty of 1866 was a contract between the United States of America and the Cherokee Nation and the Treaty of 1866 created citizenship for the Cherokee Freedmen in the Cherokee Nation; that the Cherokee people are forever prohibited from amending their Constitution in a manner that excludes the Cherokee Freedmen’s citizenship in the Cherokee Nation; and, that exclusion of the Cherokee Freedmen from citizenship in the Cherokee Nation violates federal law. The appellants identified in the Cherokee Nation District Court’s Final Order dated January 14, 2011, shall hereinafter be referred to as “Appellees”. The Cherokee Nation Registrar shall hereinafter be referred to as “Appellant”.
The Cherokee Nation District Court entered its order transferring “Appellees” cases to the Cherokee Nation Supreme Court under Supreme Court Case No. SC-07-13. The Cherokee Nation Supreme Court after due consideration of all relevant facts and the law pertaining thereto remanded “Appellees” cases to the Cherokee Nation District Court for full adjudication of the cases on April 23, 2007. The Cherokee Nation District Court, after entertaining various pre-trial motions, entered a Scheduling Order on September 18, 2008, and the parties responded by filing Joint Stipulations on November 28, 2008. The parties stipulated that, among other things, “the election of March 3, 2007, was conducted in compliance with Cherokee Nation election laws and procedures”. “Appellees” filed their Motion for Partial Summary Judgment, and Brief in Support, in favor of the Cherokee Freedman on December 1, 2008. “Appellant” filed its Motion for Summary Judgment and Brief in Support on December 23, 2008. “Appellees” filed their Supplemental Arguments in Support of the Motion for Summary Judgment on July 31, 2009. The District Court on July 17, 2009, enter *309 tained oral arguments by the parties and requested proposed findings of facts and conclusions of law. “Appellees” filed their proposed Finding of Facts and Conclusions of Law on August 31, 2009, and “Appellant” filed its Proposed Finding of Facts and Conclusions of Law on September 3, 2009. The District Court on January 14, 2011, entered its Final Order determining that, “the Cherokee Nation Constitutional Amendment of March 3, 2007, by virtue of the treaty of 1866 and subsequent actions taken in furtherance thereof, are hereby determined to be void as a matter of law.” “The Class Appellants to whom this Order extends are the original enrollees, or descendants of original enrollees, of the Dawes Commission Rolls designated Cherokee Freemen or Cherokee Freedmen-minor children and shall have the rights as previously entitled prior to the passage of the aforesaid Constitutional Amendment.” From that District Court Order this appeal has been lodged in this Court for review and relief.

Appeal Procedural Record

THE APPEAL TO THIS Court was lodged on January 25, 2011. The parties timely filed their respective pleadings. The Appellant, pursuant to Rule 60 of the Cherokee Nation Supreme Court rules, timely filed a motion for extension of time to file its reply brief which in part was required by the belated service of the Ap-pellees’ Answer Brief. There was no objection to the extension of time granted by this Court as ordered on June 21, 2011. The Appellant filed its reply brief on July 1, 2011, and the appeal became ripe for decision.

Court’s Findings

The Court makes the following findings in conjunction with its de novo review of the issues raised by the record and those taken by Judicial Notice:
1. The Amendment approved by the Cherokee People on March 3, 2007, provides:
Notwithstanding any provisions of the Cherokee Nation Constitution approved on October 2, 1975, and the Cherokee Nation Constitution ratified by the people on July 26, 2003, upon passage of this Amendment, citizens of the Cherokee Nation shall be only those originally enrolled on, or descendants of those enrolled on, the Final Rolls of the Cherokee Nation, commonly referred to as the Dawes Rolls, for those listed as Cherokees by Blood, Delaware Cherokees pursuant to Article II of the Delaware Agreement dated the 8th day of May, 1867, and the Shawnee Cherokees pursuant to Article III of the Shawnee Agreement dated the 9th day of June, 1869.
2. The election of March 3, 2007, was conducted in compliance with Cherokee Nation election laws and procedures.
3. The proposed amendment was approved by a majority vote of the Cherokee people on March 3, 2007.
4. “Appellant” interpreted the amendment language as applying the new criteria for citizenship to existing, enrolled citizens of the Cherokee Nation.
5. “Appellant” notified “Appellee” Class of its determination of ineligibility for continued membership in March of 2007.
6. “Appellees” Class was removed from the citizenship rolls of the Cherokee Nation, effective March 16, 2007, and was thereafter reinstated pursuant to the Cherokee Nation District Court Temporary Injunction Order dated May 14, 2007.
7. “Appellees” Class during period of disenrollment was denied tribal services *310 and rights as Cherokee citizens, except for a small number of critically ill people who continued to receive health services, paid for by tribal funds.
8. All unprocessed applications for citizenship in “Appellant’s” possession received from “Appellees” Class members are being held, in abeyance, without further processing pending the decision of this Court.
9. There is no subject matter jurisdiction for the Cherokee Nation District Court, or this Court, to determine that the March 3, 2007, Amendment to the Cherokee Nation Constitution is unconstitutional. And, subject matter jurisdiction cannot be waived.
10. There are Cherokee Freedmen, who are also descendants of Cherokees listed on the Dawes Rolls as Cherokees by Blood, who are citizens of the Cherokee Nation and who are entitled to be citizens of the Cherokee Nation.
11. There is no subject matter jurisdiction for the Cherokee Nation District Court, or this Court, to determine that the March 3, 2007, Amendment to the Cherokee Nation is void.
12. The Cherokee Nation District Court’s finding that the Treaty of 1866, between the United States of America and the Cherokee Nation, by its provisions guaranteed citizenship to the Cherokee Freedmen in the Cherokee Nation would, in effect, deprive “Appel-lees” standing in these proceedings and consequently necessitate that the proper party would be the United States of America.

Discussion

The Trial Court’s Order entered on January 14, 2011. raises an issue of Cherokee Nation Constitutional import and one that does not appear in United States Federal Jurisprudence or State Jurisprudence.
Simply put, do the Cherokee Nation Courts, or does any Court, have the jurisdiction or power to order what the constituents of a sovereign can set forth in their organic documents.
The Cherokee Nation Constitution in Article XV Initiative Referendum and Amendment sets forth in Section 1., “Notwithstanding the provisions of Article VI. the People of the Cherokee Nation reserve; to themselves the power to propose laws and amendments to this Constitution.... ”
The declaration of the Constitutional Amendment, enacted by the Cherokee people on March 3, 2007, as void is not within the District Court’s power, as such has not been delegated by the Cherokee Nation Constitution.
The Cherokee Nation Constitution in Article VIII Judicial Section 6 only grants the District Court jurisdiction to resolve disputes under the Constitution.
This Court has previously held in Allen v. Cherokee Nation, 6 Am. Tribal Law 18 (2006) that the Cherokee people do have the right to make citizenship determination (whether to exclude Freedman and intermarried white descendants) for themselves.
The latest sovereign expression of the Cherokee people concerning the Freedmen is found in their amendment dated March 3, 2007, to the Cherokee Nation Constitution.
“Appellees” raise the issue as to their citizenship status after the passage of the March 3, 2007, Cherokee Nation Constitution amendment. They urge this Court to find that this amendment is somehow, by its nature, a retroactive instrument. The amendment does not affect their status prior to the passage of the amendment; the amendment only affects their status *311 after. The Court finds no merit in the ‘‘Appellees” position.
This Court’s findings are dispositive of these appeals originally lodged with the Cherokee Nation District Court, however, the Court offers the following observations.
The Cherokee Freedmen were never afforded citizenship in the Cherokee Nation by the Treaty of 1866. A fair reading of the Treaty of 1866 indicates that it was an expression by the parties that the Freedmen would be treated as equals to the citizens of the Cherokee Nation under the federal law as it existed at that time. The Freedmen at that time gained citizenship status in the Cherokee Nation by the Cherokee People’s sovereign expression in the 1866 Constitutional Amendment to the 1839 Cherokee Nation Constitution.
It stands to reason that if the Cherokee People had the right to define the Cherokee Nation citizenship in the above mentioned 1866 Constitutional Amendment they would have the sovereign right to change the definition of Cherokee Nation citizenship in their sovereign expression in the March 3, 2007 Constitutional Amendment.
This Court also takes cognizance of federal jurisprudence that Treaties are contracts between or among independent nations and are designed to protect the sovereign interests of nations, and, it is up to the offended nations to determine whether or not a violation of sovereign interests occurred; And, generally, international treaties are not presumed to create rights that are privately enforceable. United States v. Zabaneh, 837 F.2d 1249 (5th Cir.1988); Goldstar (Panama) S. v. United States, 967 F.2d 965, 968 (4th Cir.1992); Accord Argentine Republic v. Amerada Hess Shipping Corp., 488 U.S. 428, 442, 109 S.Ct. 683, 102 L.Ed.2d 818 (1989) The Federal Courts have also ruled that Courts should interpret treaty provisions narrowly for fear of waiving sovereign rights that the government or people never intended to cede. Kreimerman v. Casa Veerkamp, S.A. de C.V., 22 F.3d 634 (5th Cir.1994)
This Court does not find that the actions of the Cherokee people in defining their citizenship in the March 3, 2007 Constitutional Amendment would be a Badge or Incident of Slavery which violates the Thirteenth Amendment to the United States Constitution in light of the facts that there are Cherokee Freedmen who have and can prove they are also descendants of Cherokees listed on the Dawes Rolls as Cherokees by Blood and who are either citizens or eligible for citizenship if they so desire.
The Cherokee Nation Constitution does not exclude people from citizenship in the manner the 13th Amendment protects against. It includes for eligibility those whose verifiable ancestors are listed on the Dawes Rolls as Cherokees by Blood.
This Court takes judicial notice of the extensive racial diversity of the citizenry of the Cherokee Nation.
IT IS THEREFORE ORDERED by this Court that the Cherokee Nation District Court’s Order is reversed and vacated.
IT IS FURTHER ORDERED by this Court that the Cherokee Nation District Court’s Temporary Orders and Temporary Injunctions are vacated and shall have no further effect.
IT IS FURTHER ORDERED by this Court that this case is remanded to the District court with instructions to DISMISS.
*312 IT IS FURTHER ORDERED by this Court that the Clerk of the Cherokee Nation Supreme Court shall serve a copy of this Opinion on the Cherokee Nation District Court and all parties.
Dissenting: Justice DARRELL DOWTY.